O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA CABRERA, individually and on behalf of herself and others similarly situated,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>HEALTHCARE SERVICES GROUP, INC., and DOES 1–100, inclusive<br><br>　　　　　Defendants. | Case No. 2:13-cv-04695-ODW (Ex)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE CLASS CERTIFICATION FILING DEADLINE [23]** |

On August 26, 2013, the Court denied the parties' Joint Stipulation to continue the deadline for filing the class-certification motion. (ECF No. 22.) On September 24, 2013, Cabrera filed an Ex Parte Application to continue the filing deadline from September 26, 2013, to October 28, 2013. (ECF No. 23.) Defendant does not oppose this continuance. (*Id.*)

Cabrera contends that there is good cause to extend the 90-day certification-filing deadline because Cabrera "did not conduct discovery for the period between June 27, 2013 and August 12, 2013 . . . while efforts were made to avoid duplicative discovery and coordinate with counsel in a second case involving identical claims." (Ex Parte Appl. ¶ 2.) Cabrera further asserts that Healthcare Services Group's failure to provide some necessary information in its responses to special

interrogatories and document requests and its inability to produce a Rule 30(b)(6) witness prior to the September 26, 2013 deadline serve as additional good cause for a continuance. (*Id.* at ¶¶ 5–6.) The Court disagrees.

Nowhere in Cabrera's Ex Parte Application does she indicate why this discovery is so pivotal to her claim or how it is likely to produce information substantiating her motion for class certification. Absent persuasive evidence that the propriety of maintaining this case as a class action cannot be determined without the specific discovery she seeks, the Court is not willing to disregard this Court's Local Rules. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (a party seeking class certification is not always entitled to certification discovery, but where the propriety of a class action cannot easily be determined without discovery "the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable.")

Cabrera also makes much of the fact that Defendant Healthcare Services Group previously stipulated to a 30-day continuance and will not oppose the continuance sought in her ex parte request. (Ex Parte Appl. 1, 3.) But even if Healthcare Services Group will not be prejudiced by the delay, "the public business of the court . . . has been hampered and delayed." *Walker v. Columbia Univ.*, 62 F.R.D. 63, 64 (S.D.N.Y.1973) (denying class certification even where defendants were not prejudiced because motion to certify class was untimely).

While Federal Rule of Civil Procedure 23 does not include a time period, Local Rule 23-3 provides, "Within 90 days after service of a pleading purporting to commence a class action . . . the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court." The plain language of Local Rule is clear and unambiguous. To permit extension of the ninety day deadline would frustrate the purpose of Federal

///

Rule of Civil Procedure 23(c)(1)(A), which requires the court to determine at "an early practicable time . . . whether to certify the action as a class action."

The demand for a timely motion for class certification is premised on sound practical considerations. A representative plaintiff's delay in filing for class certification impedes the court's consideration of the issue and—more importantly—can prejudice the rights of the class members. Indeed, "pertinent statutes of limitation may be running and important interests may be exposed to injury or destruction." *Jones v. Hartford Ins. Co. of Midwest*, 243 F.R.D. 694, 695 (N.D. Fla. 2006). While the determination of class certification is delayed, members of a putative class "may be led by the very existence of the lawsuit to neglect their rights until after a negative ruling on this question—by which time it may be too late for the filing of independent actions." (*Id.*) Of course, these harms are not a concern if the action is ultimately determined to be properly maintainable as a class action. But that can be known only after the class-certification motion is filed.

Permitting Cabrera to extend the certification filing deadline while she awaits discovery responses would subvert the interests of diligence required by Federal Rule of Civil Procedure 23(c)(1)(A). Local Rule 23-3 was written to further the interests of Federal Rule of Civil Procedure 23(c)(1)(A)—and the Court will not craft unnecessary exceptions to hamper them.

Additionally, if Cabrera cannot timely file her motion for class certification, then it raises questions as to whether she can adequately protect the interests of the class as required by Federal Rule of Civil Procedure 23(a)(4). An inability to timely move for class certification reflects a "failure to protect the interests of class members" and "surely bears strongly on the adequacy of the representation that those class members might expect to receive." *E. Tex. Motor Freight Sys., Inc. v. Rodriguez,* 431 U.S. 395, 405, (1977); *see also Williams v. S. Bell Tel. and Tel. Co.,* Case No. No. 77-1895-CIV-WMH, 1978 WL 73, at *2 (1978) (failure of plaintiff to properly and timely move for class determination "raises serious questions as to

whether [s]he will fairly and adequately represent the class and protect their interests"); *Jones*, 243 F.R.D. at 695.

This Court will strictly adhere to the Federal Rules of Civil Procedure as well as the Local Rules in order to prevent delay and reduce the possibility of abuse in class actions.  Thus, the Court **DENIES** Plaintiffs' Ex Parte Application to continue the class certification filing deadline.  (ECF No. 23.)

**IT IS SO ORDERED.**

September 24, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**